IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PORTFOLIO FINANCIAL SERVICING COMPANY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GILL INDUSTRIES-GEORGIA, INC., a Michigan corporation; and GILL INDUSTRIES, INC., a Michigan corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE JURY DEMAND<br><br><br>Case No. 2:06-CV-60 TS |

This matter is before the Court on Plaintiff's Motion to Strike Jury Demand,[1] filed January 25, 2006. Defendants filed their response[2] on February 13, 2006, and Plaintiff's reply[3] was filed on February 14, 2006. Thereafter, on May 9, 2006, the Court held a hearing thereon and heard arguments of counsel. At the conclusion of the hearing, the Court took the matter

---

[1] Docket No. 6.

[2] Docket No. 8.

[3] Docket No. 10.

under advisement, and allowed supplemental briefing by the parties regarding what Plaintiff's counsel represented to be a split of authority. Supplemental briefing was completed on May 22, 2006, and the Court is now prepared to rule. Having considered the pleadings, the arguments of counsel, and being otherwise fully informed, the Court will deny Plaintiff's Motion for the reasons set forth more fully below.

## DISCUSSION

### A. DEFENDANT GILL-GEORGIA.

The Court makes the initial finding that Defendant Gill Industries-Georgia, Inc. (hereinafter "Gill-Georgia") has not made a demand for a jury trial and, thus, Plaintiff's Motion is moot as to that party. Defendant Gill Industries, Inc. (hereinafter "Gill"), however, did include a jury demand with its Answer, and the Court will consider the instant Motion as it relates to Gill.

### B. DEFENDANT GILL.

The parties agree that both Plaintiff (as successor-in-interest to Matrix Funding Corporation) and Defendant Gill-Georgia expressly waived their right to jury trial in the Master Lease Agreement, executed on August 12, 1999. The dispute arises over whether the co-defendant, Gill, also waived its right to jury trial by the execution of a Guaranty for the benefit of Plaintiff, on August 3, 1999.

    1. <u>Jury trial presumption</u>.

The Tenth Circuit has established that "the right of jury trial is fundamental" and "courts indulge every reasonable presumption against waiver."[4] Plaintiff does not argue that Gill signed any document or entered into any express agreement containing a jury trial waiver. Rather, it argues that the Guaranty it entered into also bound Gill to the waiver of jury trial.

The Court finds the state law cases from other jurisdictions argued by Plaintiff in its Supplemental Memorandum to be inapposite. The Court rests its decision herein on Tenth Circuit and Utah state case law, and is unpersuaded by the extraneous arguments of counsel.

The Court declines to imply a waiver of jury trial in light of the evidence before it. There exist key differences between the language of the Master Lease Agreement in which Gill-Georgia expressly waived a jury trial, and the Guaranty which Gill entered into. Specifically, the section at issue in the Master Lease Agreement contained a choice of law provision, a venue provision, and the express jury waiver. However, the Guaranty, while it contained nearly identical choice of law and venue provisions, did not contain the jury waiver language. That language means something, and the Court will not interpret the Guaranty in a way that ignores this distinction.

    2. <u>Construe ambiguities against drafter</u>.

Utah case law is clear that ambiguities must be construed against the drafter[5] – here, Plaintiff as successor-in-interest to Matrix. While the Guaranty does "unconditionally guarantee the full, complete and prompt payment, performance and observance of all of [Gill-Georgia's]

---

[4] *Christenson v. Diversified Builders, Inc.*, 331 F.3d 992, 994 (10th Cir. 1964).

[5] *See Express Recovery Services v. Rice*, 2005 UT App. 495, ¶ 3, 125 P.3d 108, 109.

obligations under" the Master Lease,[6] it also states that the "Guarantor's obligations hereunder are separate and independent of Lessee's obligations under any Lease."[7] Moreover, the express jury trial waiver by Plaintiff and Gill-Georgia, by its own language, applies only to those two parties. No mention is made of Gill. In the face of the lack of an express jury trial waiver in the Guaranty, the resulting ambiguity will be construed against Plaintiff.

## CONCLUSION

The Court finds that Gill did not waive its right to jury trial by the execution of the Guaranty, and that its jury trial demand is valid.

Based on the above, it is hereby

ORDERED that Plaintiff's Motion to Strike Jury Demand (Docket No. 6) is DENIED as to Defendant Gill. Defendant Gill may have the claims against it tried before a jury. It is further

ORDERED that Plaintiff's Motion to Strike Jury Demand (Docket No. 6) is MOOT as to Defendant Gill-Georgia. Defendant Gill-Georgia is not entitled to a jury trial.

---

[6] Guaranty at ¶ 1.

[7] *Id.* at ¶ 2.

SO ORDERED.

DATED  June 15, 2006.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge